No. 2972.—JOHN M. HOYLE *v.* N. O. CITY RAILROAD COMPANY.

From and after the passage of the act creating the Eighth District Court for the parish of Orleans, the other district courts of the parish were divested of all jurisdiction over cases in which exclusive jurisdiction was given to the Eighth District Court. The signing of a judgment in an injunction suit by the judge of the Sixth District Court, after the passage of the act creating the Eighth District Court, is therefore null and without legal effect, because the Sixth District Court was divested of jurisdiction over the case.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley,* J. *Cooley & Phillips,* for plaintiff and appellee. *W. H. Hunt,* for defendants and appellants.

HOWE, J. A judgment was rendered in this case on the sixteenth day of May, 1870, in favor of plaintiff, commanding the defendants to desist from the construction of their road on certain neutral ground mentioned in the petition. On the same day the act of the Legislature, No. 2, extra session of 1870, became a law, and divested the Sixth District Court of all jurisdiction of the cause, except to make an order of transfer to the Eighth District Court, it being an injunction suit. Twelve days after, the judge of the Sixth District Court signed the judgment. On the thirty-first May the defendants moved to transfer the case to the Eighth District Court, but the motion was denied, and thereupon the defendants appealed.

The judge *a quo* had no jurisdiction to sign the judgment

It is therefore ordered that this cause be remanded to the court *a qua* with directions to transfer the same to the Eighth District Court for the parish of Orleans, and that the plaintiff, appellee, pay the costs of appeal.